IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GREGORY L. KESSLER, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION |
| v. ) | No. 07-3187-CM |
| ) | |
| SAM CLINE, WARDEN, HUTCHINSON ) | |
| CORRECTIONAL FACILITY,  et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |

**MEMORANDUM AND ORDER**

Petitioner Gregory L. Kessler, a prisoner at the Hutchinson Correctional Facility in Hutchinson, Kansas, has filed a *pro se* Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody (Doc. 1). Petitioner seeks to challenge his conviction by a jury in the District Court of Sedgwick County, Kansas, of two counts of indecent liberties with a child. Having exhausted all of his state court remedies, petitioner seeks federal relief on the ground of ineffective assistance of trial counsel.

**I.    Procedural History**

In May 2001, a Sedgwick County, Kansas jury convicted petitioner of two counts of aggravated indecent liberties with a child in violation of Kan. Stat. Ann. § 21-3504(a)(3)(A). Case No. 00-CR-2650. Petitioner was sentenced to a controlling term of 177 months in the Department of Corrections. The Kansas Supreme Court affirmed petitioner's convictions on direct appeal in August 2003. *State v. Kessler*, 73 P.3d 761 (Kan. 2003). However, the Kansas Supreme Court reversed petitioner's sentence — which had been the result of an unlawful upward departure — and remanded the case for resentencing. *Id*. at 771–72. In November 2003, petitioner was resentenced

to a controlling term of 113 months.

In June 2004, petitioner filed for state post-conviction relief pursuant to Kan. Stat. Ann. § 60-1507 in the District Court of Sedgwick County, Kansas, alleging ineffective trial counsel; prosecutorial misconduct during the preliminary hearing; and that the preliminary hearing was defective because the charges as set forth by the State supported only one count of aggravated indecent liberties. Case No. 04 CV 2729. In March 2005, the Sedgwick County District Court issued an "Order Denying Relief Pursuant to K.S.A. 60-1507." Petitioner appealed, arguing that the district court erred in denying his petition without considering the issues raised on the merits. In January 2007, the Kansas Court of Appeals affirmed the district court's denial of post-conviction relief. *Kessler v. State*, No. 94,749, 2007 WL 92654 (Kan. Ct. App. Jan. 12, 2007). In May 2007, the Kansas Supreme Court denied review.

On July 23, 2007, petitioner filed for federal post-conviction relief pursuant to 28 U.S.C. § 2254 in the United States District Court for the District of Kansas. Petitioner argues that his convictions for aggravated indecent liberties are in violation of the United States Constitution. Specifically, he argues that his convictions were the result of ineffective assistance of trial counsel in violation of the Sixth Amendment. He asks that this court appoint counsel, hold an evidentiary hearing on his claims, and ultimately vacate his convictions and order a new trial.

**II.    Standard of Review**

Because petitioner filed his habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, the court reviews petitioner's claims pursuant to the provisions of the Act. *Wallace v. Ward*, 191 F.3d 1235, 1240 (10th Cir. 1999). The Act permits a court to grant a writ only if one of two circumstances is present: (1) the state court's decision "was contrary

to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or (2) the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id*. § 2254(d)(2). Absent clear and convincing evidence to the contrary, the court presumes that state court factual findings are correct. *Id.* § 2254(e)(1).

Under the first alternative, the court will find that a state court decision is contrary to clearly established law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or [if the state court] decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). Under the second alternative, the court will find that a state court decision is an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* The key inquiry is whether the state court's application of the law was objectively unreasonable. *Id.* at 409; *see also Lockyer v. Andrade*, 538 U.S. 63, 75–76 (2003) (observing that the "objectively unreasonable" standard of review is more deferential than the "clear error" standard). But the petitioner need not show that "all reasonable jurists" would disagree with the decision of the state court. *Williams*, 529 U.S. at 409–10. This court's review is limited; "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Thus, a federal court does not review a state court decision for errors of state law. *Id.* (citations omitted).

### III.     Factual Background

This court adopts the factual statement as set forth in the opinion of the Kansas Supreme Court on petitioner's direct appeal.

> "[Petitioner] has a son, C.L.K., by K.L.  C.L.K. was born in 1990.  After [petitioner] and K.L. were divorced, [petitioner] saw C.L.K. approximately every other weekend, . . . usually staying at the mobile home of a friend.
> "K.L. became concerned about the visits after C.L.K. told her that [petitioner], apparently a heavy drinker, had urinated on C.L.K. while he was sleeping.  Some months later, K.L.'s sister wrote K.L. and suggested that she ask C.L.K. what [petitioner] had done to him.  C.L.K. informed K.L. that [petitioner] had "touched his wiener."  K.L. failed to report this information, reasoning that C.L.K.'s visits with [petitioner] had been cut off and she did not want to embarrass C.L.K.
> "K.L. sought advice from an attorney on filing for full custody of C.L.K. with no visitation rights after [petitioner] contacted her about resuming visitation.  The attorney advised K.L. to report the "touching" incident to the Department of Social and Rehabilitation Services (SRS).  K.L. reported the incident to SRS on July 28, 2000.
> "C.L.K. was interviewed by a SRS worker and a law enforcement officer. . . . During the interview, C.L.K. stated that [petitioner] had touched him inappropriately four times, twice on one day and twice the next day.  Later, C.L.K. stated that [petitioner] touched C.L.K.'s penis four times and his buttocks one time.  According to C.L.K., [petitioner] touched him under C.L.K.'s clothing.  C.L.K. also supplied other details, such as where the acts took place and what [petitioner] was wearing.  C.L.K. asked [petitioner] to stop after the first touching, to which [petitioner] replied, 'I can do anything I want to,' and then touched C.L.K. again." *State v. Kessler*, 73 P.3d 761, 764–765 (Kan. 2003).

Petitioner was charged with two counts of aggravated indecent liberties in violation of Kan. Stat. Ann. § 21-3504(a)(3)(A).  Although the charges were identical, the jury was instructed that count one was related to the alleged touching of the penis, and count two was related to the touching of the buttocks.

The trial court admitted C.L.K.'s taped interview into evidence and played it for the jury. The jury convicted petitioner of both counts of aggravated indecent liberties.  *Id*. at 765.

**IV.  Analysis**

   **A.  Ineffective Assistance of Counsel**

When determining whether a habeas petitioner's counsel provided ineffective assistance, the court applies the standard identified in *Strickland v. Washington*, 466 U.S. 668 (1984).  *See Romano*

-4-

*v. Gibson*, 278 F.3d 1145, 1151 (10th Cir. 2002) (applying *Strickland*). Under *Strickland*, a petitioner bears the burden of satisfying a two-pronged test in order to prevail. First, he must show that his attorney's "performance was deficient" and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88. The court affords considerable deference to an attorney's strategic decisions and "recognize[s] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Second, a habeas petitioner must demonstrate prejudice, which requires a showing that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

> [T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the [petitioner] makes an insufficient showing on one. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.

*Id.* at 697.

Petitioner's claims arise from an inconsistency between C.L.K.'s testimony at the preliminary hearing and his testimony at trial. According to petitioner, the evidence presented at the preliminary hearing was insufficient evidence to support the first of the two counts against him. Specifically, petitioner alleges that, at the preliminary hearing, C.L.K. testified that on the first night there was no touching, and on the second night, petitioner had touched C.L.K.'s penis and bottom. At trial, however, C.L.K. testified that there was touching on both nights. Petitioner argues that his counsel was ineffective for failing to file a motion to dismiss the first of the two counts of aggravated indecent liberties following the preliminary hearing. Petitioner also faults his trial counsel for failing to investigate this prior testimony and for failing to confront C.L.K. on cross-

-5-

examination with this prior testimony. Petitioner claims these failures prejudiced him because, had counsel acted otherwise, he could have succeeded on his direct appeal claim that the two counts of aggravated indecent liberties were multiplicitous.

In his direct appeal, the Kansas Supreme Court addressed petitioner's claim that the discrepancies among C.L.K.'s statements demonstrated insufficiency of the evidence. The state court noted that C.L.K. testified at trial to two separate touchings occurring on two separate nights. C.L.K. stated at trial that petitioner touched his penis by closing his fist and moving it back and forth and that petitioner touched his buttocks by waving his hand back and forth. The court found that C.L.K.'s trial testimony was "sufficiently similar to his testimony at the preliminary examination and his statements during the taped interview" and was sufficient to satisfy the first element of both counts of aggravated indecent liberties. There was no dispute that C.L.K. was eight years old at the time of the alleged touchings, and the testimony of K.L. and C.L.K. supported a finding of the dates of the offenses, therefore satisfying the second and third element of both counts. In upholding petitioner's convictions, the Kansas Supreme Court held that there was sufficient evidence for a reasonable factfinder to have found petitioner guilty on both charges beyond a reasonable doubt. *Kessler*, 73 P.3d at 770–71. The court also rejected petitioner's argument that the convictions were multiplicitous. *Id*. at 765–66.

In petitioner's Kan. Stat. Ann. § 60-1507 motion, in which he made the same arguments he raises here, the state district court found that petitioner's claims of ineffective assistance were either "bald assertions or not supported by the record." *Kessler v. State*, 2007 WL 92654, at *1. Petitioner appealed.

On appeal, the Kansas Court of Appeals applied the *Strickland* standards to petitioner's ineffective assistance of counsel argument. *Id*. (citing *State v. Davis*, 85 P.3d 1164, 1169–70 (Kan.

2004), quoting *State v. Orr*, 940 P.2d 42, 48–52 (Kan. 1997), quoting *State v. Rice*, 932 P.2d 891, 1003–05 (Kan. 1997), quoting *Strickland*, 466 U.S. at 687–80).  The court found that "the victim's testimony at the preliminary hearing, standing alone, could support the two charges," and that petitioner "ha[d] not established the prejudice prong to support his claim of ineffective assistance of trial counsel."  *Id*. at *2.

The Kansas Court of Appeals also evaluated petitioner's claim that his trial counsel was ineffective for failing to impeach the victim with his preliminary hearing testimony.  At trial, the victim said he remembered petitioner touching him four different times.  Petitioner's attorney did not specifically name the preliminary hearing, but asked C.L.K. if he remembered "'a prior time sitting in a chair just like the one you're in now talking to a room full of people like this, that you said it only happened twice?' [C.L.K.] answered, 'Yeah.  I just forget.  My memory.'"  C.L.K. was also cross-examined about his discussions with the prosecutor.

Petitioner's attorney did not ask the victim about his statements to the investigating officer but the record shows that the interview was taped, the tape was played to the jury, and a transcript of the tape was admitted into evidence.  The Kansas Court of Appeals therefore held that, because the jury was aware of any inconsistent statements the victim may have made, petitioner was not prejudiced by his attorney's failure to cross-examine the victim about any statements made to the investigating officer.

Ultimately, the Kansas Court of Appeals found that the trial court's denial of petitioner's Kan. Stat. Ann. § 60-1507 motion was proper because petitioner failed to show that, but for counsel's errors, there was a reasonable probability that the result of the trial would have been different.  *Kessler v. State*, 2007 WL 92654, at * 2–3 (citing *State v. Davis*, 85 P.3d 1164); *Strickland*, 466 U.S. at 695.  The state court reasonably applied clearly established federal law,

-7-

namely *Strickland*, to the facts before it. 28 U.S.C. § 2254(d)(1). This court therefore denies petitioner's motion.

### B. Additional Requests

Petitioner argues that the state courts erred in denying petitioner an evidentiary hearing on his Kan. Stat. Ann. § 60-1507 motion, and demands that he be afforded an evidentiary hearing in this court. Petitioner also requests that counsel be appointed to represent him in this action.

Kansas statutes and case law set forth guidelines for granting evidentiary hearings on § 60-1507 motions. *See id.* § 60-1507(b) ("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon."); *Gilkey v. State*, 60 P.3d 351, 354 (Kan. App. 2003) (outlining the guidelines for granting an evidentiary hearing on a Kan. Stat. Ann. § 60-1507 motion provided by Kansas statute, court rule and cases). The court will not review the state court's interpretation of state law. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle*, 502 U.S. at 67–68.

Petitioner has failed to rebut the presumption of correctness this court attributes to the factual determinations of the state court, and has not established that his claim relies on a new rule of constitutional law or facts not previously discoverable. This court has the state records before it which enable it to make an independent factual finding without the need of an evidentiary hearing, and the court finds that no such hearing is necessary. 28 U.S.C. § 2254(e). This court also finds that the interests of justice do not require appointment of counsel in this case, and the court denies petitioner's motion on this issue. 18 U.S.C. § 3006A(a)(2)(B).

**IT IS THEREFORE ORDERED** that petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody (Doc. 1) is denied.

Dated this 5th day of January, 2009, at Kansas City, Kansas.

              **s/ Carlos Murguia**
              **CARLOS MURGUIA**
              **United States District Judge**